

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
JUN 30 2017
JAMES W. McCORMACK, CLERK
By:_____
         DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

**JAMES AYERS**                          **PLAINTIFF**

vs.              No. 3:17-cv-_168_-KGB

**JETTON GENERAL CONTRACTING, INC.,**       **DEFENDANT**
**HILARY TREAT CONSTRUCTION, INC.,**
**ANDREW BERNER, and BRANDON TREAT**   This case assigned to District Judge _Baker_
and to Magistrate Judge _Kearney_

### ORIGINAL COMPLAINT

COMES NOW Plaintiff James Ayers, by and through his attorneys Steve Rauls and Josh Sanford of the Sanford Law Firm, PLLC, and for his Original Complaint against Defendants Jetton General Contracting, Inc., Hilary Treat Construction, Inc., Andrew Berner, and Brandon Treat (collectively, "Defendant") does hereby state and allege as follows:

**I.**

### JURISDICTION AND VENUE

1. Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, civil penalties and costs, including reasonable attorneys' fees as a result of Defendant's failure to pay Plaintiff overtime compensation for all hours that Plaintiff worked in excess of forty (40) per workweek.

2.  The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

3.  Plaintiff's claims under the AMWA form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this Complaint.

4.  Therefore, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

5.  Defendant conducts business within the State of Arkansas.

6.  Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Arkansas has personal jurisdiction over Defendant, and Defendant therefore "resides" in Arkansas.

7.  Plaintiff James Ayers ("Ayers" or "Plaintiff") was employed by Defendant at construction sites in the Eastern District of Arkansas. Therefore, the acts alleged in this Complaint had their principal effect within the Eastern District of Arkansas, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

II.

## THE PARTIES

8.  Ayers is a citizen of the United States and a resident and domiciliary of the State of Arkansas.

9.  At all times relevant to the allegations in this Complaint, Ayers was a salaried employee at Defendant's construction company headquartered in Paragould, Arkansas.

10. At all times material herein, Plaintiff has been entitled to the rights, protections and benefits provided under the FLSA.

11. At all times material herein, Plaintiff was misclassified by Defendant as exempt from the overtime requirements of the FLSA, 29 U.S.C. § 207.

12. Defendant Jetton General Contracting, Inc., ("JGC") is an "employer" as that term is defined in the FLSA and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer.

13. JGC is a construction and general contracting company headquartered in Paragould, Arkansas.

14. JGC is a for-profit corporation whose registered agent for service of process within the state of Arkansas is Kendall Jetton, 1615 Carroll Road, Paragould, Arkansas 72450.

15. JGC has employees that handle, sell, or otherwise work with goods or materials that have been moved in or produced for commerce.

16. JGC's annual gross volume of sales is not less than $500,000.00.

17. JGC has more than four employees.

18. Defendant Hilary Treat Construction, Inc. ("Hilary") is an "employer" as that term is defined in the FLSA and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer.

19. Hilary is a construction and general contracting company headquartered in Paragould, Arkansas.

**Page 3 of 10**
**James Ayers v. Jetton General Contracting, Inc., et al.**
**U.S.D.C. (E.D. Ark.) Case No. 3:17-cv-____**
**Original Complaint**

20. Hilary is a for-profit corporation whose registered agent for service of process within the state of Arkansas is Bill Mitchell, 905 W. Court Street, Paragould, Arkansas 72450.

21. Hilary has employees that handle, sell, or otherwise work with goods or materials that have been moved in or produced for commerce.

22. Hilary's annual gross volume of sales is not less than $500,000.00.

23. Hilary has more than four employees.

24. Defendant Andrew Berner ("Berner") is a resident of Arkansas, and at all times relevant to this Complaint was an officer of Jetton General Contracting, Inc.

25. At all times relevant hereto, Berner had operational control over Jetton General Contracting, Inc.

26. At all times relevant hereto, Berner had the power to hire and fire employees of Jetton General Contracting, Inc, supervised and set wages and wage policies for employees of Jetton General Contracting, Inc.

27. At all times relevant hereto, Bener was Plaintiff's employer as that term is defined under the FLSA.

28. Defendant Brandon Treat ("Treat") is a resident of Arkansas, and at all times relevant to this Complaint was an officer of Jetton General Contracting, Inc.

29. At all times relevant hereto, Treat had operational control over Jetton General Contracting, Inc.

30. At all times relevant hereto, Treat had the power to hire and fire employees of Jetton General Contracting, Inc, supervised and set wages and wage policies for employees of Jetton General Contracting, Inc.

31. At all times relevant hereto, Treat was Plaintiff's employer as that term is defined under the FLSA.

## III.

## FACTUAL ALLEGATIONS

32. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

33. Defendants operate a construction company in Paragould, Arkansas.

34. Plaintiff was employed at Defendants' construction sites starting more than three years prior to the filing of this Complaint and continuing through about April of 2016.

35. Defendants assigned Plaintiff the title, "Superintendent."

36. Plaintiff's duties as a Superintendent always or almost always required him to work more than forty (40) hours per workweek.

37. Defendant classified Plaintiff as overtime exempt and paid him a fixed salary even when he worked more than forty (40) hours in a workweek; Plaintiff often worked seventy (70) hours per week or more.

38. If Plaintiff worked less than forty (40) hours in a workweek, Defendant docked his pay.

39. Plaintiff's primary duty as a Superintendent was construction work.

40. Before about August of 2015, Plaintiff's duties included overseeing a crew of six to ten construction workers.

41. Plaintiff did not have the authority to hire, fire, promote, or demote other employees.

42. Starting in or around August of 2015, Plaintiff's job duties changed, although his title remained the same.

43. Starting in or around August of 2015, Plaintiff worked either by himself or with one co-worker, completing "finish lists," or lists of small unfinished tasks at construction projects that were nearly complete.

44. Starting in or around August of 2015, Plaintiff did not have any supervisory duties, nor did he have any authority to hire, fire, promote, or demote any other employee.

45. After August of 2015, Defendant continued to require Plaintiff to work well over forty (40) hours per week without overtime pay.

### IV.

### **FIRST CAUSE OF ACTION**

### **(Violation of the FLSA)**

46. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

47. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

48. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

49. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

50. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay time and a half of regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

51. Defendant intentionally misclassified Plaintiff as exempt from the overtime requirements of the FLSA, when in fact Plaintiff was a non-exempt employee entitled to overtime pay.

52. Despite the entitlement of Plaintiff to minimum wage and overtime payments under the FLSA, Defendant failed to pay Plaintiff an overtime rate of one and one-half times his regular rate of pay for all hours worked over forty (40) in each one-week period.

53. Defendant's failure to pay Plaintiff all overtime wages owed was willful.

54. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

## VI.

## SECOND CAUSE OF ACTION

### (Individual Claim for Violation of the AMWA)

55. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

56. Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201 *et seq*.

57. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

58. Arkansas Code Annotated §§ 11-4-210 and 211 require employers to pay all employees a minimum wage for all hours worked up to forty in one week and to pay one and one-half times regular wages for all hours worked over forty hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

59. Defendant intentionally misclassified Plaintiff as exempt from the overtime requirements of the AMWA, when in fact Plaintiff was a non-exempt employee entitled to overtime pay.

60. Despite the entitlement of Plaintiff to minimum wage and overtime payments under the AMWA, Defendant failed to pay Plaintiff an overtime rate of one and one-half times his regular rate of pay for all hours worked over forty (40) in each one-week period.

61. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including

reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint pursuant to Arkansas Code Annotated § 11-4-218.

## V.

## **PRAYER FOR RELIEF**

WHEREFORE, premises considered, Plaintiff James Ayeers respectfully prays as follows:

A. That Defendants Jetton General Contracting, Inc., Hilary Treat Construction, Inc., and Kendall Jetton be summoned to appear and answer this Complaint;

B. For an order of this Honorable Court entering judgment in his favor against Defendant for his actual economic damages in an amount to be determined at trial;

C. For liquidated damages as provided for under the FLSA and the AMWA;

D. For his attorneys' fees, costs, and pre-judgment interest; and

E. For such other and further relief as this Court deems necessary, just and proper.

Respectfully submitted,

**JAMES AYERS, PLAINTIFF**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 SOUTH SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

By: _____
Steve Rauls
Ark. Bar No. 2011170
steve@sanfordlawfirm.com

and _____
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com